## SOLOMAN HIMMEL, LEON W. HIMMEL & ISADORE HIMMEL, Co-Partners, Trading as M. L. Himmel & Sons,

*vs.*

## MERCHANTS TRANSFER & STORAGE CO.

*Agency: proof of—.    Common carriers: shipments; rights of consignees.*

An agency may be implied where one person by his acts holds another as agent, and thereby invests him with apparent authority as agent.    p. 41

The authority of an agent may be inferred from facts and circumstances, and from the permission and acceptance of his services.    p. 41

If a shipper delivers his property to a carrier without special instructions as to its ownership, the consignee becomes immediately entitled to the property and may lawfully demand the same.    p. 41

*Decided February 11th, 1919.*

Appeal from the Superior Court of Baltimore City. (HEUISLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*Jacob S. New* (with whom was *G. W. S. Musgrave* and *Julius H. Wyman,* on the brief), for the appellants.

*Frederick S. Swindell* submitted a brief for the appellee.

THOMAS, J., delivered the opinion of the Court.

The appellee, the Merchants Transfer and Storage Company, was in 1916 engaged in the business of hauling and delivering freight in Washington, D. C., and had from time to time hauled goods and merchandise for A. Lisner and delivered the same at his place of business at the corner of Eleventh and G. streets, N. W. The appellee also rendered similar services to the appellants, who, it is stated in their brief, were conducting in Baltimore City the business of manufacturing and installing store and office furniture and fixtures, and who also did a large business in Washington, D. C. It is further stated in the appellants' brief that in September, 1916, A. Lisner was completing a large addition to his store on G. street, and that the appellants contracted to install the fixtures and furniture therein, and that to that end the appellants purchased from manufacturers in New York a box or case of mirrors and had it shipped and consigned to A. Lisner. The record shows that on the 16th of September, 1916, the employees of the appellee received the box of mirrors at the freight station of the Pennsylvania Railroad Company in Washington and hauled it to the store of A. Lisner. In unloading the box of mirrors from the truck or wagon of the appellee, or in attempting to move it after it had been placed on the pavement, the box was allowed to fall and the mirrors were broken.

In January, 1917, the appellee brought suit against the appellants in the Superior Court of Baltimore City to recover on an account for services rendered in hauling goods, etc., amounting to $360.34. In addition to the general issue pleas, the appellants filed a plea of set-off in which they claim as a set-off against the claim of the appellee the value of the mirrors, to wit, $250.41, which they alleged were broken through the negligence of the appellee.

The case was submitted to the Court without a jury on certain affidavits made by the employees of A. Lisner; the affidavit of the driver of the truck or wagon of the appellee; the affidavit of the general manager of the appellee, and an agreement of counsel to the effect that if the Court found that the transfer company was liable to the defendants for the damage done to the mirrors, a judgment should be entered in favor of the plaintiff for $109.93, and if the Court found that the plaintiff was not liable for the destruction of the mirrors a judgment should be entered for the plaintiff for $360.34. The finding and judgment of the Court being in favor of the plaintiff for $360.34 the defendants have appealed.

The only exception in the record is to the rejection by the Court below of the following prayer of the defendants: "The Court rules as a matter of law that there is no evidence legally sufficient to show that the employees of A. Lisner were authorized to act for, or that they were the duly authorized agents of the defendant, and therefore the verdict of the Court sitting as a jury must be for the plaintiff under the stipulation for the sum of $109.93."

The affidavits produced by the defendants tended to show that the destruction of the mirrors was due to the carelessness and negligence of the employees of the plaintiff, while the affidavits produced by the plaintiff tended to show that the loss was the result of the carelessness or negligence of the employees of A. Lisner.

The theory of the appellants as presented by their prayer, and their contention in this Court is that they can not be held responsible for "acts in which they in no way participated," except upon the ground that the employees of A. Lisner were their agents, and that there is no evidence in the case to establish such agency. This contention overlooks the effect of the fact that the mirrors belonged to the appellants and were by their directions shipped and consigned to A. Lisner. The fact that the mirrors were so shipped and consigned by direction of the appellants was evidence to show that A. Lisner

was authorized by them to receive the goods, and the affidavits show that one of the employees of A. Lisner to whom the driver of the appellee presented the bill of lading and applied for instructions as to the delivery was the receiving clerk of A. Lisner. In the case of *Swindell* v. *Gilbert,* 100 Md. 399, the Court said: "The authority of an agent need not be proved by writing; it may be inferred from facts and circumstances and from the permission and acceptance of his services and subsequent adoption and ratification of his acts will suffice." It is said in 2 *Corpus Juris.,* p. 440: "An agency may be implied where one person by his conduct holds out another as his agent, and thereby invests him with apparent or ostensible authority as agent," and in 4 R. C. L. sec. 292, it is said: "If a shipper delivers his property to a carrier without special instructions as to its ownership or its delivery on any condition, the consignee becomes immediately entitled to the possession of the property, and may demand and lawfully receive it forthwith from the carrier. Consequently the latter, in the absence of notice of a third person's rights, is justified in delivering it to the consignee who is *prima facie* entitled to receive the goods at any point on its line of transportation. However, it is not always necessary that a consignment be delivered to the party to whom it is addressed in person; a delivery to an agent, clerk or employee duly authorized by him to receive the same will be valid."

It follows from what has been said that there was no error in the rejection by the Court below of the defendant's prayer, and the judgment appealed from must therefore be affirmed.

*Judgment affirmed, with costs.*